UNITED STATED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEE M. NIGEN | : | |
|     Plaintiff, | : | Dkt. No. 1:20-cv-01576 (EK) |
| | : | |
| v. | : | |
| | : | |
| STATE OF NEW YORK; and ANDREW CUOMO, sued in his official capacity; | : | |
| | : | |
|     Defendants. | : | MARCH 29, 2020 |

## OPPOSITION TO ROBERT TOLCHIN'S MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE*

The Plaintiff, Lee M. Nigen, respectfully requests the Court to deny Mr. Robert J. Tolchin's letter motion to appear as *amicus curiae*. Dkt. 5.

Mr. Nigen trusts the Court's sound discretion on which contributions will best assist it in deciding this matter, and Mr. Nigen only files an opposition regarding Mr. Tolchin's motion to emphasize two points for the Court's consideration.

First, Mr. Tolchin used his letter motion and the Court's docket as an outlet to express his outrage at Mr. Nigen's temerity in seeking to assert his constitutional rights and to conduct a thinly veiled personal attack on Mr. Nigen and the undersigned. He speaks of his acquaintances' and his own outrage at Mr. Nigen's action and implies Mr. Nigen is crying over "spilled milk." Dkt. 5, p. 2. He then asks the Court to dismiss Mr. Nigen's action and to sanction both Mr. Nigen and the undersigned. Mr. Nigen has a right to access the Court for redress of his grievances even if he presents unpopular and novel arguments. Furthermore, Mr. Nigen fully expected to be publicly castigated for this action, but what he did not expect was that the efforts to publicly chastise him would make their way on to the Court's docket through requests to sanction him and his attorney. The Court should take steps to protect Mr. Nigen as a party in this matter by preventing Mr. Tolchin

from conducting any more public attacks on Mr. Nigen and the undersigned through use of the Court's docket.

Second, Mr. Tolchin filed his request at 12:58 AM in the morning according to the undersigned's records and failed both to engage Mr. Nigen's legal arguments or to attach any papers that did so. Even though he identifies himself as a practicing Orthodox Jew, Mr. Tolchin also failed to express substantive religious differences to Mr. Nigen's position – which could have assisted the Court – beyond a conclusory assertion that he disagrees with Mr. Nigen. While it is not binding, Federal Rule of Appellate Procedure 29, which governs *amicus* motions, requires the proposed *amicus curiae* to file their proposed brief with their motion for leave to file – the purpose being to allow the court and parties to evaluate the potential contribution and guard against unprofessional behavior. There is a pending motion for a temporary restraining order and a preliminary injunction before the Court. Mr. Tolchin could have easily addressed the merits of that motion in his letter motion or in a short statement attached to it. He did not do so, contenting himself with demanding that Mr. Nigen and his counsel be sanctioned for a lawsuit that he and his acquaintances think is ridiculous.

In conclusion, Mr. Tolchin has demonstrated the extent to which he can contribute to this action. His contribution is more suited for the public square than for the Court's docket because it only provides expressions of personal outrage, inarticulate beliefs, and demands for Mr. Nigen and the undersigned to be sanctioned. Mr. Nigen has a right to access the Court without being harassed in this manner. Therefore, Mr. Nigen respectfully requests the Court to deny Mr. Tolchin's letter motion for leave to file as *amicus curiae*.

THE PLAINTIFF

By: /s/ Norman A. Pattis /s/
    NORMAN A. PATTIS
    PATTIS & SMITH, LLC
    383 Orange Street
    New Haven, CT 06511
    T: (203) 393-3017
    F: (203) 393-9745
    npattis@pattislaw.com
    Federal Bar No.: pattis2

## CERTIFICATE OF SERVICE

    I hereby certify that on March 29, 2020, I filed a copy of the foregoing electronically and served a copy of the foregoing by mail on anyone unable to accept electronic filing. The Court's electronic filing system will send notice of this filing by e-mail to all parties. Parties may access this filing through the Court's CM/ECF System.

    /s/ NORMAN A. PATTIS /s/
    NORMAN A. PATTIS