```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
```

LEE M. NIGEN,                                          **ORDER**

        Plaintiff,

        v.                                          20-CV-1576 (EK) (PK)

STATE OF NEW YORK; and ANDREW
CUOMO, sued in his official
capacity,

        Defendants.

```
-------------------------------------------x
```

**ERIC R. KOMITEE**, United States District Judge:

    The Court has received Plaintiff's application for a temporary restraining order (TRO) and an Order to Show Cause setting argument on his motion for a preliminary injunction. For the reasons set forth below, the application for an *ex parte* TRO is denied. The Court will set expedited argument on Plaintiff's application for a preliminary injunction.

    Plaintiff seeks injunctive relief to prohibit Defendants, the State Of New York and Governor Cuomo, from enforcing certain provisions in two recent Executive Orders "until [their] constitutionality can be determined." *See* Plaintiff's Notice of Emergency Order (Dkt. No. 4) ("Plaintiff's Application") at 1; Plaintiff's Memorandum of Law in Support of Motion for Emergency Order (Dkt. No. 4-1) ("Plaintiff's Brief") at 1. Specifically, Plaintiff challenges the provision in Executive Order 202.8

1

that, in Plaintiff's reading, "direct[s] non-essential businesses to close,"[1] and the provision in Executive 202.10 providing that "[n]on-essential gatherings of individuals of any size for any reason (e.g. parties, celebrations, or other social events) are canceled or postponed at this time."[2]  Plaintiff also seeks to enjoin Governor Cuomo's "oral and written guidance not to travel."  Plaintiff's Application, ¶ 3.

Plaintiff claims that the Orders violate his constitutional rights to free speech, free exercise of his religious beliefs, and free assembly and association.  *See* Plaintiff's Brief at 5; *see also* Compl. (Dkt. No. 1) ¶ 20.  He also argues that they violate his rights to pursue a living and travel freely.  *See* Plaintiff's Brief at 6-7; Compl. ¶¶ 26-27.  In addition to his

---

[1] *See* Plaintiff's Application, ¶ 1.  Executive Order 202.8 actually provides, in the portion that Plaintiff appears to challenge, that:

> Effective on March 22 at 8 p.m.:  All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize.  Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m.  Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions.  An entity providing essential services or functions whether to an essential business or a non-essential business shall not be subject to the in-person work restriction, but may operate at the level necessary to provide such service or function.  Any business violating the above order shall be subject to enforcement as if this were a violation of an order pursuant to section 12 of the Public Health Law.

*See* Exhibit B (Dkt. No. 4-3) at 2.

[2] *See* Plaintiff's Application, ¶ 2; Exhibit A (Dkt. No. 4-2) at 4.

constitutional claims, Plaintiff invokes 42 U.S.C § 1983. *See* Compl. ¶¶ 1-2.

Having reviewed Plaintiff's emergency application and supporting submissions, his motion for an *ex parte* TRO is hereby DENIED. The Court will, however, set an expedited hearing on Plaintiff's application for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a).

THEREFORE, IT IS HEREBY ORDERED that counsel for the above-named Defendants shall appear before this Court telephonically[3] on Monday, April 6, 2020 at 10:00 a.m. for a hearing on Plaintiff's motion for a preliminary injunction;

ORDERED that Plaintiff shall use his best efforts to serve a copy of this Order to Show Cause and Plaintiff's Application, Affidavit and Exhibits on Defendants on or before 5:00 p.m. on March 31, 2020; that Plaintiff shall use his best efforts to contact Defendants by phone and email to effectuate service and confirm receipt of this Order; and that such service, once accepted, shall be deemed proper for this purpose; and it is further

---

[3] Dial-in information for the teleconference will be provided in the Court's published calendar in advance of the hearing.

ORDERED that Defendants' response, if any, to Plaintiffs' application for a preliminary injunction shall be filed with the Court on or before April 2, 2020.

SO ORDERED.

    /s/ Eric R. Komitee
ERIC R. KOMITEE
United States District Judge

Dated: Brooklyn, New York
      March 29, 2020